VOTO DISIDENTE DE LA JUEZ DE APELACIONES SRA. ALFONSO DE CUMPIANO — 96 DTA 169
San Juan, Puerto Rico, a 21 de noviembre de 1996
Disiento de la sentencia emitida en este caso por los compañeros del panel, por no estar de acuerdo con la interpretación que se hace de la cláusula de exclusión de la póliza de seguros en cuestión. Entiendo que su lenguaje, a los efectos de que excluye "any obligation for which the insured or any company as its insurer may be held liable under any Workmen's Compensation, Unemployment Compensation,..." claramente permite la interpretación de que la exclusión se refiere solamente a aquellas obligaciones en las que el patrono, Marxuach Construction Co., Inc., pueda ser responsable, cuando surjan bajo la Ley de Compensaciones por Accidentes del Trabajo. La obligación civil extracontractual frente a los demandantes en este caso no surge de dicha ley. La acción en daños y perjuicios instada por el señor Hernández Apellaniz y otros contra Marxuach, como patrono no asegurado, si bien está reconocida en la Ley de Compensaciones por Accidentes del Trabajo, se rige principalmente por las normas generales del Código Civil y la jurisprudencia. En acciones de esta naturaleza, hay que probar la negligencia del patrono. Vega Lozada v. Pérez & Cía., _ D.P.R. _, 94 J.T.S. 56, pág. 11805.
La responsabilidad resultante de dicha acción en daños y perjuicios, no es una obligación que surge de la Ley de Compensaciones por Accidentes del Trabajo puesto que ésta contempla y establece explícitamente, en su artículo 15, una dualidad de remedios para el obrero lesionado en un accidente laboral mientras trabaja para un patrono no asegurado: una petición para compensación ante la Comisión Industrial y una acción en daños y perjuicios bajo el artículo 1802 del Código Civil. Este último remedio se basa en una "acción judicial que tiene vida e integración propia independiente por completo del procedimiento administrativo". Vélez Sánchez v. Comisión Industrial, 107 D.P.R. 797; 803 (1978).
La obligación de Marxuach, como patrono no asegurado bajo la Ley de Compensaciones por Accidentes del Trabajo, que estaría excluida de la póliza, es el pago de la prima y el reembolso al Fondo del Seguro del Estado de los gastos de tratamiento y compensación del obrero lesionado. La obligación de Marxuach hacia el señor Hernández Apellaniz y otros, con motivo de la negligencia que se le pruebe, no estaría excluida por no estar basada en la aludida ley.
Las mismas normas de interpretación liberal de las cláusulas de exclusión de responsabilidad a favor del asegurado, expuestas en la sentencia del panel, nos mueven a reconocer en la cláusula que consideramos, cubierta por cualquier obligación de Marxuach por daños y perjuicios que surja a favor de los demandantes, por motivo de negligencia en ocasión del accidente laboral.
*696 Por todo lo anterior, entendemos que el tribunal apelado erró al desestimar la causa de acción contra la compañía aseguradora Federal Insurance Co. y por ello revocaríamos la sentencia sumaria parcial, para reconocer cubierta exclusivamente por las reclamaciones de los demandantes por responsabilidad civil extracontractual.
LADY ALFONSO DE CUMPIANO
Juez de Apelaciones